UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **CV 16-00013 SVW (AFMx)** | Date: January 6, 2015 |
| Title **THR California LP v. Garic Grant; Does 1 to 10** | |

Present: The Honorable: Stephen V. Wilson, U.S District Judge

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers)   **ORDER REMANDING MATTER TO STATE COURT**

On October 21, 2015, THR California LP ("Plaintiff") instituted an unlawful detainer proceeding against Garic Grant and Does 1 to 10 ("Defendant") in state court. Defendant has allegedly continued in unlawful possession of the property located at 939 E. 90th Street, Los Angeles, CA 90002 ("the "Property") that is owned by Plaintiff. Defendant allegedly entered into 2 year lease of the Property on June 1, 2015, with rent at $1,790.00 per month. At the time of the 3-day notice to quit, the rent due by Defendant was allegedly $1,790.00. Plaintiff estimates the fair rental value of the property as $59.66 per day. Plaintiff filed its unlawful detainer complaint in state court after Defendant failed to comply with the notice to quit. Defendant filed a demurrer in state court, and according to the Notice of Removal, the demurrer was denied. Defendant removed the action to this Court on January 4, 2016. Defendant asserts federal question jurisdiction in this Court. (Notice of Removal at pp. 2-3 .) Diversity jurisdiction is not alleged. (Civil Cover Sheet at 1.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **CV 16-00013  SVW (AFMx)**                                          Date:

Title        **THR California LP v. Garic Grant; Does 1 to 10**

Complaint here contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if Defendants have alleged an actual or anticipated federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint. Defendants have failed to meet their burden of showing that federal question jurisdiction exists.

The notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000. Defendant has made no plausible allegations showing how those damages would exceed $75,000.

Accordingly, because this Court lacks subject matter jurisdiction, the Court REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this Order on all parties who have appeared in this action.

**IT IS SO ORDERED.**

cc:  Pro Se Defendant

|  | : |
|---|---|
| **Initials of Preparer** | pmc |